UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W. BENEDICTO,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; KRISTI NOEM, U.S. Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PATRICIA HYDE, Acting Boston Field Office Director; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | Civil Action No. 1:25-cv-13567-IT |

MEMORANDUM & ORDER

December 3, 2025

TALWANI, D.J.

Petitioner W. Benedicto, a native and citizen of El Salvador, entered the United States on or about June 2007 without inspection. Pet. ¶ 10 [Doc. No. 1]. On November 22, 2025, Petitioner's vehicle was "pulled over by an unmarked vehicle" while traveling in East Boston. Id. ¶ 11. Petitioner was then approached and apprehended by U.S. Immigration and Customs Enforcement ("ICE") agents. Id. ¶¶ 2, 12. He is currently detained by ICE at the Plymouth County Correctional Institution in Plymouth, Massachusetts and "awaiting processing, as no removal proceedings have been initiated against [Petitioner]." Id. ¶¶ 2, 13.

Now pending before the court is Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1], in which Petitioner contends that (1) his detention resulted from an unlawful seizure under the Fourth and Fifth Amendments to the United States Constitution; (2) his ongoing detention without an individualized custody determination (a "bond hearing") violates the Due

Process Clause of the Fifth Amendment; (3) Respondents have erred in treating Petitioner as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b), rather than as an alien detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing; and (4) "Respondents' decision to detain petitioner under 8 U.S.C. § 1225(b) is arbitrary, capricious, and contrary to law within the meaning of 5 U.S.C. § 706(2)(A)." Id. ¶¶ 14-20.

    Respondents state that:

> the legal issues presented in this Petition are similar to those recently addressed by this court in Doe v. Moniz, No. 25-cv-12094-IT, . . . 2025 WL 2576819 (D. Mass. Sep. [sic] 5, 2025; Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Resp. 1 [Doc. No. 7]. Therefore, Respondents acknowledge that, if the court follows the reasoning of these prior decisions, "it would reach the same result here." Id.

    Where the court finds the reasoning in Doe remains correct, and where nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than under 8 U.S.C. § 1226, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than December 10, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

December 3, 2025                                                      /s/ Indira Talwani
                                                                                               United States District Judge